## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BRENT MOHLMAN,

    Plaintiff,

    v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, and as Trustee for
LONG BEACH MORTGAGE LOAN
TRUST 2006-1,

    Defendant.

_____/

Case No. 18-cv-11085

District Judge Nancy G. Edmunds

Magistrate Judge Mona K. Majzoub

## REPORT AND RECOMMENDATION

Plaintiff Brent Mohlman filed this *pro se* action alleging that Defendant Deutsche Bank National Trust Company wrongfully foreclosed on his property in Livonia, Michigan. (Docket no. 1.) Defendant moves to dismiss the complaint on the basis that Plaintiff's claims are barred by *res judicata*. (Docket no. 9.) This matter has been referred to the undersigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 6.) The Court has reviewed the pleadings, and dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

**I.    RECOMMENDATION**

For the reasons that follow, the undersigned recommends that Defendant's motion to dismiss (docket no. 9) should be **GRANTED**, and that this matter should be dismissed in its entirety. In addition, the Court should order Plaintiff to obtain leave of court before filing another lawsuit regarding the operative facts of this matter.

**II.     REPORT**

    **A.     Background**

In December of 2005, Plaintiff obtained a loan to purchase property in Livonia, Michigan. (Docket no. 1, p. 3.)  In consideration of the loan, Plaintiff executed a promissory note and granted a mortgage to the lender, Long Beach Mortgage.  (Docket no. 9, p. 10.)  After Long Beach Mortgage was acquired by Washington Mutual Bank, and after Washington Mutual was placed in receivership, the Federal Deposit Insurance Corporation (the "FDIC") assigned the mortgage to Defendant as trustee for the Long Beach Mortgage Loan Trust 2006-01. (*Id.* at 11.)  When Plaintiff defaulted on the loan, Defendant initiated foreclosure proceedings, which resulted in a sheriff's sale of the property on February 26, 2015.  (*Id.*)

This marks the sixth action that Plaintiff has filed concerning his mortgage and/or the foreclosure proceedings. *See Brent Mohlman v. Long Beach Mortgage, et al.*, No. 12-10120 (E.D. Mich. Feb. 8, 2013) (the "First Prior Action"); *Brent Mohlman v. Deutsche Bank National Trust Company*, No. 15-11085 (E.D. Mich. March 3, 2016) (the "Second Prior Action"); *Brent Mohlman v. Deutsche Bank National Trust Company and Craig J. Keaney*, No. 15-13489 (E.D. Mich. Aug. 1, 2016) (the "Third Prior Action"); *Brent Mohlman v. Deutsche Bank National Trust Company*, No. 16-11365 (E.D. Mich. Jan. 6, 2017) (the "Fourth Prior Action"); *Brent Mohlman v. Deutsche Bank National Trust Company*, No. 337312 (Mich. Ct. App. Apr. 12, 2018) (the "Fifth Prior Action").  Each of the prior cases was summarily dismissed. *Id.*

In the present complaint, filed on April 4, 2018, Plaintiff raises four counts against Defendant: (1) "Illegal Lock-out and Eviction" under Michigan law; (2) "Trustee Malfeasance" under federal banking regulations; (3) "Improper Sheriff's Sale" under Michigan law; and

(4) Breach of Contract.  (Docket no. 1.)  Defendant moved to dismiss the complaint, alleging that Plaintiff's claims are barred by the doctrine of *res judicata*.  (Docket no. 9.)

### B. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction by attacking the claim on its face, in which case all factual allegations of the plaintiff must be considered as true, or by attacking the factual basis for jurisdiction.  *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).  If the factual basis for jurisdiction is challenged, the court must weigh the evidence, and the plaintiff bears the burden of proving jurisdiction.  *Id*.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002).  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted).  *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* (internal quotations and citations omitted).  "[O]nly a complaint that states a plausible claim for relief survives a motion to

3

dismiss." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and (2) "assume [the] veracity [of the remaining allegations] and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

In addressing motions under Rule 12(b)(6), the Sixth Circuit recognizes that, in addition to the allegations of the complaint, the court "may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ley v. Visteon Corp.*, 543 F.3d 801, 805 (6th Cir. 2008).

**C.     Analysis**

Defendant contends that "Plaintiff has exhausted every possible permutation of claim he could possibly bring related to the [Livonia] Property" and that accordingly "his claims are barred by the doctrines of *res judicata* and collateral estoppel." (Docket no. 9, p. 10.) Plaintiff objects to the relief sought by Defendant, but declines to address with any specificity Defendant's assertion that his claims have been raised and dismissed in five prior actions. (*See generally*, docket no. 14.) For the reasons set forth below, Plaintiff's claims are barred under the doctrine of *res judicata*. Because the effect of a prior state-court judgment must be analyzed under that state's law, the undersigned will address the prior federal actions separately from the prior state action. *See Exec. Arts Studio v. City of Grand Rapids*, 391 F.3d 783, 795 (6th Cir. 2004) ("[F]ederal courts are required to give the judgments of state courts the same preclusive effect as they are entitled to under the laws of the state rendering the decision.").

*1. Claims Barred by Prior Federal Court Actions*

"A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S. Ct. 2424, 69 L.Ed.2d 103 (1981). Courts in the Sixth Circuit use a four-part test for determining whether a subsequent action is barred by the doctrine of *res judicata*, or to be more precise in this circumstance, claim preclusion: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006) (citing *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)). Identity of causes of action means an "identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Sanders Confectionery Prod., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 484 (6th Cir. 1992) (citing *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). "The fact that [a plaintiff] now asserts alternative theories of recovery and seeks a different remedy does not allow [the plaintiff] to avoid claim preclusion, when those other theories could have been asserted and remedies could have been sought in the earlier action." *Rawe*, 462 F.3d at 529.

In Count II of his complaint, "Trustee Malfeasance," Plaintiff contends that Defendant "failed to investigate [Chase Bank vice president] Craig J. Keaney's violation of" certain FDIC regulations. (Docket no. 1, p. 7.) This claim could have been raised in the Second Prior Action, in which Plaintiff asserted claims regarding Defendant's actions as trustee of the mortgage. *See Mohlman v. Deutsche Bank*, No. 15-11085 (E.D. Mich. March 3, 2016). In addition, Plaintiff

5

raised a similar claim in the Third Prior Action against Mr. Keaney directly. (Docket no. 9-10, p. 7.) Accordingly, this claim is barred by *res judicata*.

In Count IV of his complaint, "Breach of Contract," Plaintiff contends that Defendant "breached the [loan] agreement by not excepting [*sic*] payment on and [*sic*] account number Chase Bank created then put the account into default as if it was a late payment." (Docket no. 1, pp. 9-10.) Plaintiff asserted breach of contract claims against Defendant in the Second Prior Action. *See Mohlman v. Deutsche Bank*, No. 15-11085 (E.D. Mich. March 3, 2016). Accordingly, Plaintiff raised or should have raised his present breach of contract claim in that action, and the claim is now barred by *res judicata*.

### 2. *Claims Barred by Prior State Court Action*

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, "[f]ederal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816-17 (6th Cir. 2010) (quoting *Abbott v. Mich.*, 474 F.3d 324, 330 (6th Cir. 2007)). Therefore, a federal court must look to the law of the rendering state in determining any preclusive effect. *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)).

In Michigan, the doctrine of *res judicata* bars a second, subsequent action "when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. Michigan*, 680 N.W.2d 386, 396 (Mich. 2004) (citing *Sewell v. Clean Cut Mgmt., Inc.*, 621 N.W. 2d 222, 225 (Mich. 2001).

Count I of Plaintiff's complaint, "Illegal Lock-out and Eviction," contends that Defendant violated Michigan law by "lock[ing] Plaintiff out of [his] house and plac[ing] a For Sale sign on

6

Plaintiff's lawn while Plaintiff had an appeal pending in the Third Circuit Court of Wayne County." (Docket no. 1, p. 5.) In Count III of his complaint, "Improper Sheriff's Sale," Plaintiff alleges that Defendant wrongfully foreclosed on Plaintiff's mortgage. (*Id.* at 8-9.)

Both of these claims were raised, or should have been raised, in the Fifth Prior Action, the dismissal of which was upheld by the Michigan Court of Appeals on April 12, 2018. *See Mohlman v. Deutsche Bank*, No. 337312 (Mich. Ct. App. Apr. 12, 2018) (observing that "[i]n October 2016, defendant locked out and evicted plaintiff from the property" and that "Plaintiff then filed this lawsuit alleging that the eviction and lockout were improper because he had a pending appeal in the Wayne Circuit Court that was filed on September 18, 2016"). Accordingly, Counts I and III of Plaintiff's complaint are barred by *res judicata*.

### 3. Request for Litigation Injunction

Finally, Defendant asks the Court to "issue an injunction to permanently enjoin Plaintiff from filing additional lawsuits relating to the same transactions—the Mortgage and foreclosure." (Docket no. 9, pp. 29-30.) For the reasons set forth below, the Court should not permanently enjoin Plaintiff from filing additional lawsuits arising from the operative facts of this case, but the Court should enter an order requiring Plaintiff to seek leave of this Court before filing any such action.

Rule 11 of the Federal Rules of Civil Procedure provides that an attorney or unrepresented party must certify that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," his claims are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

The undersigned submits that Plaintiff has violated Rule 11 by filing the present complaint. The dismissals of Plaintiff's prior actions would inform any reasonable person that the claims

7

made in the present complaint are not warranted by existing law. Moreover, the prior dismissals have made Plaintiff aware of the doctrine of *res judicata*, and that the doctrine encompasses "not just . . . the claims actually asserted in [a prior] case, but would also extend to any claims that Plaintiff could have asserted arising from the same underlying transactions." *Brent Mohlman v. Deutsche Bank National Trust Company and Craig J. Keaney*, No. 15-13489 (E.D. Mich. Aug. 1, 2016)

Rule 11 authorizes the imposition of nonmonetary sanctions. Fed. R. Civ. P. 11(c)(2). "The court has significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons." *Tropf v. Fid. Nat. Title Ins. Co.*, 289 F.3d 929, 940 (6th Cir. 2002) (citing the 1993 Advisory Committee Notes to Fed. R. Civ. P. 11).

Although a person cannot be "absolutely foreclosed from initiating an action in a court of the United States, . . . it is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed." *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). *See also Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987).

Accordingly, the Court should order Plaintiff to obtain leave of court before filing another lawsuit regarding the operative facts of this matter.

**D.      Conclusion**

For the reasons set forth above, the undersigned recommends that Defendant's motion to dismiss (docket no. 9) should be **GRANTED**, and that this matter should be dismissed in its entirety.  In addition, the Court should order Plaintiff to obtain leave of court before filing another lawsuit regarding the operative facts of this matter.

**III.      NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  September 19, 2018        s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

 I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated:  September 19, 2018        s/ Leanne Hosking
                                  Case Manager