**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BRENT MOHLMAN,

    Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, and as Trustee for LONG
BEACH MORTGAGE LOAN TRUST 2006-
1,

    Defendant.

_____/

Case No. 18-11085

Honorable Nancy G. Edmunds

**ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S
SEPTEMBER 19, 2018 REPORT AND RECOMMENDATION AND
<u>DISMISSING PLAINTIFF'S COMPLAINT [16]</u>**

Plaintiff Brent Mohlman filed this *pro se* wrongful foreclosure action against Defendant Deutsch Bank National Trust Company. Pending before the Court is the Magistrate Judge's recommendation to grant Defendant's motion to dismiss Plaintiff's complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 16.) Observing that the present matter is this sixth legal action initiated by Plaintiff in connection with the mortgage and foreclosure proceedings on his property, the Magistrate Judge concludes that Plaintiff's claims are barred by res judicata and recommends that the Court grant Defendant's motion to dismiss. In addition, the Magistrate Judge recommends that the Court order Plaintiff to obtain leave from this Court before initiating any other lawsuits relating to the operative facts of this dispute.

Plaintiff raises three objections to the Magistrate Judge's Report and Recommendation. (ECF No. 17.) Defendant opposes Plaintiff's objections. (ECF No. 18.)

1

For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections, **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation, and **DISMISSES** the complaint.

I.   **Standard**

This Court performs a de novo review of those portions of the Magistrate Judge's Report and Recommendation to which Plaintiff has objected. 28 U.S.C. § 636(b). The Court need not and does not perform a de novo review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Moreover, an objection that "does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d. 743, 747 (E.D. Mich. 2004). Indeed, the purpose of an objection to a report and recommendation is to provide the Court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Id.* (quoting *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981)).

II.   **Analysis**

Plaintiff raises three objections to the Magistrate Judge's Report and Recommendation. First, Plaintiff contends the Magistrate Judge erred because Defendant failed to prove by clear and convincing evidence that it did not violate the Fair Debt Collection Practices Act, and dismissing Plaintiff's claims at this stage of the litigation will deprive Plaintiff of his day in court. Second, Plaintiff contends the Magistrate Judge erred because Plaintiff's complaint satisfies the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) and therefore dismissal under Federal Rule of Civil Procedure

2

12(b)(6) is improper. Third, Plaintiff claims the Magistrate Judge erred by failing to apply a statute of repose or the rules of equity to toll certain claims.

None of Plaintiff's objections actually address the substance of the Magistrate Judge's Report and Recommendation—that Plaintiff's claims are barred by res judicata. While Plaintiff's objections reflect his general disagreement with the Magistrate Judge's ultimate recommendation of dismissing his case, he does not dispute that this proceeding is the sixth legal action he has filed concerning his mortgage and foreclosure proceedings. Nor does he dispute that the claims he asserts in the complaint were raised or could have been raised in his previous actions. Notwithstanding, because Plaintiff is proceeding *pro se,* the Court independently reviewed the record before the Magistrate Judge on Defendant's motion to dismiss. The Court agrees with the Magistrate Judge that Plaintiff's claims are barred by res judicata.

The Court also agrees with the Magistrate Judge's recommendation that Plaintiff be required to seek leave from this Court before filing another lawsuit concerning the operative facts of this matter. As the Magistrate Judge found, Plaintiff's conduct in filing this lawsuit—his sixth lawsuit relating to the mortgage and foreclosure of his property—violates Rule 11. The sanction recommended by the Magistrate Judge is appropriate under the facts and circumstances presented here.

### III.  Conclusion

For the above-stated reasons, the Court **OVERRULES** Plaintiff's objections, **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation, and **DISMISSES** the complaint. It is further **ORDERED** that Plaintiff must seek leave from this

Court before filing a lawsuit relating to or arising out of the operative facts of the present case.

**SO ORDERED.**

<u>s/Nancy G. Edmunds</u>
Nancy G. Edmunds
United States District Judge


Dated: February 19, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 19, 2019, by electronic and/or ordinary mail.


<u>s/Lisa Bartlett</u>
Case Manager

F